<hr />

## WM. WILLIAMS'S HEIRS v. RHODES, LIDDELL, et al.

1. CHANCERY: JURISDICTION.—A court of equity has no jurisdiction to entertain a bill for the recovery of the possession of land, where the complainant has a complete legal title, unless perhaps in a case where the defendant has something in the form of a legal title, which he might interpose as a successful defence to an action at law.

2. SAME.—Where the complainant has a complete legal title to the land in controversy, a court of equity will not entertain his bill to recover possession, upon the ground that his previous efforts at law to recover in ejectment, have been defeated by the defendant setting up the defence, that the patent from the General Government, under which complainant claims title, had been procured

by fraud. The complainant could overthrow this defence as well at law as in equity.

In error from the District Chancery Court at Macon. Hon. Henry Dickinson, vice-chancellor.

On the 11th day of February, A.D. 1851, Wm. Williams filed his bill in the court below, to recover possession of the north half of section 20, T. 14, R. 19 east, situated in Noxubee.

The bill alleged that the land in controversy was reserved to an Indian captain, under the provisions of the treaty of Dancing Rabbit Creek; that this Indian sold to Grant & Clements, who, in 1837, sold to the complainant; that in 1841, a patent issued for said land from the United States Government to said Grant & Clements.

The bill further alleges, that one of the defendants purchased the land at a sheriff's sale, made under an execution, issued in July, 1841, and emanating from a judgment rendered in the Circuit Court of Lowndes county, against said Grant; that this judgment was then fully paid and satisfied, and was for other reasons void, and that the defendants do not and have not claimed title under it; but that said deed is a cloud on his title. That at the time complainant purchased, the defendants were in possession, and refused to give it up, under the pretence of an alleged fraud in locating the claim of the Indian captain. That the defendants opposed the giving of the patent, upon the ground of fraud in the location, and put the Government in possession of all the facts, upon which they rely to establish the fraud, and that the Government had issued the patent after thorough investigation.

That the previous efforts of complainant to recover possession had been defeated by the defendants, who had uniformly set up as a defence to his title, the alleged fraud in making the location for the Indian. That no fraud in fact existed, and if it did, it has been waived by the Government.

The defendants answered, setting up their title to the land. On final hearing, upon bill answer and proof, the bill was dismissed, and the heirs of complainant sued out this writ of error.

*R. Evans,* for the plaintiff in error.

*George L. Potter,* for the defendant in error.

The complainant shows a complete legal title in himself, and there is no ground whatever shown, for the interposition of a court of equity. The bill must be dismissed for want of jurisdiction.

*McAfee* v. *Lynch,* 4 Cushm. 260; *Brown Brothers & Co.* v. *The Bank of Miss.* 2 George R. 454.

FISHER, J., delivered the opinion of the court.

This is an appeal from a decree of the Vice-Chancery Court at Macon.

The object of the bill was to recover a tract of land, situate in Noxubee county, in the possession of the defendants. It appears that a certain Indian became entitled to a half section of land, under the treaty of Dancing Rabbit Creek; that he sold the land to Grant & Clements, and that they sold and conveyed, by regular deed, to the complainant. It further appears that a patent was issued by the General Government to Grant & Clements, from whom the complainant claims, in 1841.

This being the title set out by the complainant, the question naturally suggesting itself is, what is to hinder the complainant from recovering in a court of law? The answer, to be sufficient to such an inquiry, must show that the defendants have at least something, in the form of a legal title, which they will interpose as a successful defence to an action at law. If such an answer were even attempted to be given, perhaps some plausible ground for invoking the aid of a court of equity might be discovered. But such is not the case. The bill alleges that the defendants are mere trespassers upon the land, without even the shadow of a title. It is true that it does set forth a sale of the land under an execution, and a purchase by one of the defendants, but it shows conclusively that the sale was absolutely void, and that the defendants do not and never have pretended to claim title under it. It appears that this execution was issued in July, 1841, on a judgment in the Circuit Court of Lowndes county, and it is not pretended that any abstract of this judgment was filed in the county of Noxubee, where the land was situate, and the land having passed, long anterior to the sale, into the hands of the complainant, and his deed having been duly recorded, the sheriff's deed, of course, aside from the

other matters alleged, conveyed no title to the purchaser. It is, however, sufficient to state, that this sale of the land and purchase by the defendant is not treated by the bill as a matter of the least importance.

But it is alleged that in previous efforts by the complainant to recover possession of the land by judicial proceedings, it may be supposed, the defendants have set up, as a defence, that the patent under which the complainant derives his claim, was obtained by a fraud upon the Government. It would seem, from the allegations of the bill, that this defence had invariably proved successful; and if the main object of the bill is correctly understood, it is to deprive the defendants of this defence, on the ground that the complainant has discovered that the officers of the Government were in possession of all the facts from which the fraud was inferred, before the patent was issued; and that if the fraud ever existed, the Government, as it had a right to do, had waived it. This, in few words, appears to constitute the entire equity of the bill, to wit, that the defendants shall not be allowed to set up fraud to defeat the patent, because the fraud never existed, or if it did exist, it was waived by the Government. The bill itself discloses the manner in which this defence, when made, can be met and overthrown; assuming the law to be, as contended for by counsel, that the Government, knowing that the fraud had been committed, could nevertheless waive it, and issue the patent. The bill itself makes the record of the evidence upon which the Government acted, an exhibit, and if the fact be, as alleged, that the fraud was waived, the complainant shows that he does not require the aid of a court of equity to establish this fact. The fact of waiver being established, the law applicable to the fact can certainly be as appropriately declared by a court of law, as by a court of equity. Again, if it be assumed that the fraud never existed, and if the defendants should, notwithstanding, succeed, contrary to the truth of the case, in showing fraud, the complainant shows that he can rebut such evidence, as well in a court of law as in a court of equity. The question thus presented, must, from its very nature, be one relating to the weight of the evidence, and the mere assertion that the defendants' evidence, relating to the fraud, is false, does not make it so. The court or jury must perform this delicate duty, and must determine

the matter by weighing and comparing the evidence of both parties. The allegation, that the defendants set up fraud to defeat the patent, when fraud in fact does not exist, can at most present but a question of evidence, and which can be as well tried at law as in equity. Indeed, it may be asserted that it can only be tried in the former court.

Viewing the case, then, as it is made by the bill, it is clear that no reason for coming into a court of equity for relief exists.

We are therefore of opinion, that the decree dismissing the bill must be affirmed.